# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 02/02/2022 03:41:38 PM.
30-2022-01243601-CU-CR-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE CONTAINER STORE, INC., a Texas corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOMINICK MARTIN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
700 Civic Center Drive West, Santa Ana, CA  92701

CASE NUMBER:
*(Número del Caso):*
30-2022-01243601-CU-CR-CJC
Judge David A. Hoffer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar #202091)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

Phone No.: (949) 706-6464

DATE:
*(Fecha)* 02/02/2022 DAVID H. YAMASAKI, Clerk of the Court

Clerk, by
*(Secretario)* Katie Trent

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Container Store, Inc., a Texas Corporation

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

Electronically Filed by Superior Court of California, County of Orange, 02/02/2022 03:41:38 PM.
30-2022-01243601-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1    PACIFIC TRIAL ATTORNEYS
     A Professional Corporation
2    Scott J. Ferrell, Bar No. 202091
     sferrell@pacifictrialattorneys.com
3    Victoria C. Knowles (Bar No. 277231)
     vknowles@pacifictrialattorneys.com
4    4100 Newport Place Drive, Ste. 800
     Newport Beach, CA 92660
5    Tel: (949) 706-6464
     Fax: (949) 706-6469
6
     Attorneys for Plaintiff
7

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF ORANGE**

11

| | |
|---|---|
| 12   DOMINICK MARTIN, an individual, | Case No.   30-2022-01243601-CU-CR-CJC |
| 13         Plaintiff, | |
| 14         v. | **COMPLAINT** |
| 15   THE CONTAINER STORE, INC., a Texas corporation; and DOES 1-10, inclusive, | **Assigned for All Purposes** |
| 16         Defendants. | Judge David A. Hoffer |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

1  Plaintiff Dominick Martin ("Plaintiff") alleges the following upon information and belief based

2  upon investigation of counsel, except as to plaintiff's own acts, which plaintiff alleges upon personal

3  knowledge:

4  **INTRODUCTION**

5  1.  As recently recognized by the Supreme Court of the United States, "The Internet's

6  prevalence and power have changed the dynamics of the national economy." *South Dakota v.*

7  *Wayfair, Inc.*, 138 S. Ct. 2080, 2097 (2018) (noting that in 1992, less than 2 percent of Americans had

8  Internet access whereas today that number is about 89 percent). According to 2018 polling data, 89

9  percent of American adults use the Internet.[1]  Indeed, one federal district court has noted that "few

10  areas are more integral to 'the economic and social mainstream of American life,' than the Internet's

11  websites." *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *9 (S.D.N.Y.

12  Dec. 20. 2017); *United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) ("Computers and Internet

13  access have become virtually indispensable in the modern world of communications and information

14  gathering.").

15  2.  According to recent U.S. Census data, approximately 8 million Americans describe

16  themselves as disabled because they are visually-impaired.[2]  Thus, depriving blind persons of equal

17  access to commercial websites on the internet would allow American businesses to treat blind persons

18  as second-class citizens who can be segregated from the rest of American society, which is antithetical

19  to the very purpose that motivated Congress to enact the Americans with Disabilities Act of 1990, 42

20  U.S.C. § 12181 *et seq.* ("ADA"), almost three decades ago, as well as the enactment of California's

21  Unruh Civil Rights Act. "'Congress found that 'historically, society has tended to isolate and

22  segregate individuals with disabilities, and, despite some improvements, such forms of discrimination

23  against individuals with disabilities continue to be a serious and pervasive social problem.' ' " *Del-*

24

25  [1] http://www.pewinternet.org/fact-sheet/internet-broadband/ (last visited July 30, 2018). Indeed, 98 percent of adults between the ages of 18-29 use the Internet, and 97 percent of adults between the ages of 30-49 use the Internet. *Id.*

26  [2]  In 2016, an estimated 7.7 million Americans reported having a visual disability.
27  http://www.disabilitystatistics.org/reports/acs.cfm?statistic=1
(last visited July 30, 2018). The statistics were calculated by the Cornell University Yang Tan Institute using the U.S.
28  Census Bureau's 2016 American Community Survey (ACS) Public Use Microdata Sample (PUMS) data. The estimate is based on a sample of 3,085,278 persons who participated in the 2016 ACS.

*Orden*, 2017 WL 6547902, at *9 (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75, 121 S. Ct. 1879 (2001) (quoting 42 U.S.C. § 12101(a)(2))). "Congress found that 'physical or mental disabilities in no way diminish a person's right to fully participate in *all aspects of society*, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination.'" *Del-Orden*, 2017 WL 6547902, at *9 (quoting 42 U.S.C. § 12101(a)(1)) (emphasis added in *Del-Orden*). "After thoroughly investigating the problem, Congress concluded that there was a 'compelling need' for a 'clear and comprehensive national mandate' to eliminate discrimination against disabled individuals, and to integrate them 'into the economic and social mainstream of American life.'" *PGA Tour*, 532 U.S. at 675 (quoting S. Rep. No. 101-116, p. 20 (1989); H.R. Rep. No. 101-485, pt. 2, p. 50 (1990), U.S.C.C.A.N. 1990, pt. 2, pp. 303, 332). To remedy these ills, "Congress provided [a] broad mandate" in the ADA to effect the statute's "sweeping purpose." *Id.* "In a society in which business is increasingly conducted online, excluding businesses that sell services through the Internet from the ADA would[:] 'run afoul of the purposes of the ADA and would severely frustrate Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges, and advantages *available indiscriminately to other members of the general public*'". *National Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 200 (D. Mass. 2012) (emphasis added) (quoting *Carparts Distrib. Ctr. v. Auto Wholesaler's Ass'n*, 37 F.3d 12, 20 (1st Cir. 1994)).

3.     Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA, shall also constitute a violation of the Unruh Civil Rights Act. A person who visits a business's website with intent to use its services and encounters terms or conditions that exclude the person from full and equal access to its services has standing under the Unruh Act, with no further requirement that the person enter into an agreement or transaction with the business. *White v. Square, Inc.*, __ P.3d __, 2019 WL 3771912, at *7 (Cal. Sup. Ct. Aug. 12, 2019).

4.     Plaintiff is a blind individual who requires screen reading software to read website content and access the internet. Defendant The Container Store, Inc. ("Defendant") maintains its website, https://www.containerstore.com/ (the "Website") in such a way that the Website contains numerous access barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to the Website. Defendant's denial of full and equal access to its Website, and

1  therefore its products and services offered thereby, are a violation of Plaintiff's rights under
2  California's Unruh Civil Rights Act.

3                              **JURISDICTION AND VENUE**

4        5.      This Court has subject matter jurisdiction over this action.  This Court has personal
5  jurisdiction over Defendant because Defendant has conducted and continues to conduct substantial
6  business in the State of California, and because Defendant's offending Website is available across
7  California.

8        6.      Venue is proper in this Court because Defendant conducts substantial business in this
9  County and because a substantial portion of the misconduct alleged herein occurred in the County of
10  Orange.  Defendant operates a "brick and mortar" location in this County.

11                                      **PARTIES**

12        7.      Plaintiff Dominick Martin resides in Orange County, California.   Plaintiff is
13  permanently blind and uses screen readers in order to access the internet and read website content.  As
14  detailed above, despite several attempts to use and navigate the Website, Plaintiff has been denied the
15  full use and enjoyment of the facilities and services of the Website as a result of accessibility barriers
16  on the Website.  The access barriers on the Website have caused a denial of Plaintiff's full and equal
17  access multiple times in the past, and deterred Plaintiff on a regular basis from accessing Defendant's
18  Website.  Similarly, at all relevant times the access barriers on the Website deterred Plaintiff from
19  visiting Defendant's California retail location.

20        8.      While Plaintiff genuinely wants to avail himself of Defendant's goods and services as
21  offered on Defendant's Website, Plaintiff has a dual motivation: Plaintiff is also a "tester," which one
22  federal court has defined to be "individuals with disabilities who visit places of public accommodation
23  to determine their compliance with Title III [of the ADA]."  *Harty v. Burlington Coat Factory of*
24  *Penn., L.L.C.*, Civil Action No. 11-01923, 2011 WL 2415169, at *1 n.5 (E.D. Pa. June 16, 2011).
25  Indeed, it is widely accepted that "testers" such as Plaintiff advance important public interests and
26  should be "praised rather than vilified."  *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th
27  Cir. 2006).  Plaintiff has filed multiple lawsuits against various operators of commercial websites
28  under the Unruh Civil Rights Act as part of Plaintiff's advocacy work on behalf of the civil rights of

1  visually-impaired persons.  Plaintiff intends to continue to engage in such advocacy work into the

2  foreseeable future to ensure that Defendant's commercial Website and others are fully and equally

3  enjoyable to and usable by visually-impaired persons, including himself.

4      9.      Plaintiff is informed and believes, and thereon alleges, that Defendant The Container

5  Store, Inc. is a Texas corporation with its principal place of business located in Coppell, Texas.

6  Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates multiple

7  retail locations in California.      These locations constitute a place of public accommodation.

8  Defendant's locations provide to the public important goods and/or services. Defendant also provides

9  to the public the Website. The Website provides access to Defendant's array of services, including a

10  store locator, descriptions of its products, amenities and services, online store and many other benefits

11  related to these facilities and services.  Defendant's locations are a public accommodation within the

12  definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7)

13  and likewise are "business establishments" within the meaning of the California Civil Code § 51 et

14  seq. The Website is a service, privilege, and advantage and accommodation of Defendant's services

15  and locations.   The Website is a service, privilege, advantage, and accommodation that is heavily

16  integrated with these locations.

17      10.     At all relevant times, each and every Defendant was acting as an agent and/or employee

18  of each of the other Defendants and was acting within the course and/or scope of said agency and/or

19  employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or

20  omissions complained of herein were alleged and made known to, and ratified by, each of the other

21  Defendants (The Container Store, Inc., and DOE Defendants will hereafter collectively be referred to

22  as "Defendant").

23      11.     The true names and capacities of the Defendants sued herein as DOES 1 through 10,

24  inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

25  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

26  herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and

27  capacities of the DOE Defendants when such identities become known.

28  ///

1

**FACTS**

2       12.    The Internet has become a significant source of information, a portal and tool for

3  conducting business, and a means for doing everyday activities such as shopping, banking, etc. for

4  both the sighted and blind, and/or visually-impaired persons.

5       13.    Blind individuals may access websites by using keyboards in conjunction with screen-

6  reading software that vocalizes visual information on a computer screen.  Screen access software

7  provides the only method by which a blind person may independently access the internet.  Unless

8  websites are designed to be read by screen reading software, blind persons are unable to fully access

9  websites and the information, products and services, privileges, advantages, and accommodations

10  contained thereon.

11      14.    The international website standards organization, W3C, has published version 2.0 of the

12  Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established, industry

13  standard guidelines for ensuring websites are accessible to blind and visually-impaired people.  These

14  guidelines are successfully followed by numerous large business entities to ensure their websites are

15  accessible.  These guidelines recommend several basic components for making websites accessible

16  including, but not limited to, adding invisible alternative text to graphics, ensuring that all functions

17  can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and

18  adding headings so that blind people can easily navigate websites. Without these very basic

19  components, a website will be inaccessible to a blind or visually-impaired person using a screen

20  reader.

21      15.    Defendant offers the Website, which provides, as set forth above, a breadth of

22  information concerning its products, amenities and services, privileges, advantages, and

23  accommodations, and allows users to find Defendant's retail locations.

24      16.    Based on information and belief, it is Defendant's policy and practice to deny blind

25  users, including Plaintiff, equal enjoyment of and access to the Website.  Due to Defendant's failure

26  and refusal to remove access barriers on the Website, Plaintiff and other blind and visually impaired

27  individuals have been denied equal enjoyment of and access to the retail location and to Defendant's

28  other services, advantages, privileges, and accommodations offered to the public through the Website.

17.     Defendant denies blind individuals equal enjoyment of and access to the products, services, privileges, advantages, and accommodations and information made available through the Website by preventing them from freely navigating the Website. The Website contains access barriers that prevent free and full use by Plaintiff and other blind persons using screen reading software.

18.     The Website's barriers are pervasive and include, but are not limited to, the following: (1) Missing alternative text which presents a problem because an image without alternative text results in an empty link. Alternative Text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be coded with each picture so that a screen reader can speak the Alternative Text where a sighted user sees pictures. Alternative Text does not change the visual presentation, but instead generates a text box that will pop-up when the mouse moves over the picture. The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics; (2) Spacer image missing alternative text which presents a problem because a layout spacer image does not have an alt attribute. Spacer images are used to maintain layout. They do not convey content and should be given null/empty alternative text (alt="") so they are not presented to users and are ignored by screen readers; (3) Empty or missing form labels which presents a problem because, if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls; (4) Multiple form labels, which presents a problem because a form control has more than one label associated with it. A form control should have at most one associated label element. If more than one label element is associated to the control, assistive technology may not read the appropriate label; (5) Empty headings, which present a problem because a heading contains no content. Keyboard and screen reader users often navigate by heading elements. An empty heading will present no information and may introduce confusion; (6) Empty buttons, which present a problem because a button is empty or has no value text. When navigating to a button, descriptive text must be presented to screen reader users to indicate the function of the button; and (7) Empty links, which present a problem because a link contains no text. If a link contains no text, the function or purpose of the link will not be presented to the user. This can introduce confusion for keyboard and screen reader users.

19.     Due to the inaccessibility of the Website, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for Defendant's products, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users.   If the Website were accessible, Plaintiff would independently and privately investigate Defendant's products, services, privileges, advantages, accommodations, and amenities, and found Defendant's location, as sighted individuals can and do.

20.     Despite several attempts to access the Website in recent months, the numerous access barriers contained on the Website have denied Plaintiff's full and equal access, and have deterred Plaintiff on a regular basis from accessing the Website.  Similarly, based on the numerous access barriers contained on the Website, Plaintiff has been deterred from visiting Defendant's physical location and/or purchasing Defendant's products as Plaintiff would have been able to do by using the Website.  Plaintiff continues to attempt to utilize the Website and plans to continue to attempt to utilize the Website in the near future.  Plaintiff's dignitary interest as a disabled person has been harmed by Defendant's actions.

## CAUSE OF ACTION

### Violations of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

### (By Plaintiff Against All Defendants)

21.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

22.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

23.     Defendant's locations are "business establishments" within the meaning of the California Civil Code § 51 et seq.  Defendant generates millions of dollars in revenue from the sale of its goods and services in California through its locations and related services and the Website.  The Website is a service provided by Defendant that is inaccessible to patrons who are visually-impaired like Plaintiff.  This inaccessibility has denied visually-impaired patrons full and equal access to the

1   facilities and services that Defendant makes available to the non-disabled public.  Defendant has

2   violated the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that Defendant has denied

3   visually-impaired customers the services provided by the Website.  These violations are ongoing.

4       24.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis

5   of a disability in violation of the Unruh Civil Rights Act because Defendant has constructed a Website

6   that is inaccessible to Plaintiff, knowingly maintains the Website in this inaccessible form, and has

7   failed to take adequate actions to correct these barriers even after being notified of the discrimination

8   that such barriers cause.

9       25.     Defendant is also violating the Unruh Civil Rights Act because the conduct alleged

10  herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 et seq.

11  Section 51(f) of the California Civil Code provides that a violation of the right of any individual under

12  the ADA shall also constitute a violation of the Unruh Civil Rights Act.

13      26.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act,

14  California Civil Code § 51 et seq., and, therefore, Plaintiff is entitled to injunctive relief remedying the

15  discrimination.

16      27.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant

17  from violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., and requiring Defendant

18  to take the steps necessary to make the Website readily accessible to and usable by visually-impaired

19  individuals.

20      28.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil

21  Code § 52 for each and every offense.  Plaintiff is also entitled to reasonable attorneys' fees and costs.

22                              **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff prays for relief and judgment as follows:

24      1.      For a judgment that Defendant violated Plaintiff's rights under the Unruh Civil Rights

25  Act, California Civil Code § 51 et seq.;

26      2.      For a preliminary and permanent injunction requiring Defendant to take the steps

27  necessary to make the Website, https://www.containerstore.com/, readily accessible to and usable by

28

1  visually-impaired individuals; but Plaintiff hereby expressly limits the injunctive relief to require that

2  Defendant expend no more $20,000 as the cost of injunctive relief;

3         3.      An award of statutory minimum damages of $4,000 per violation pursuant to section

4  52(a) of the California Civil Code;

5         4.      For attorneys' fees and expenses pursuant to all applicable laws including, without

6  limitation, California Civil Code § 52(a);

7         5.      For pre-judgment interest to the extent permitted by law;

8         6.      For costs of suit; and

9         7.      For such other and further relief as the Court deems just and proper.

10  Dated: February 2, 2022                    PACIFIC TRIAL ATTORNEYS, APC

11

12                                             By:_____
                                               Scott. J. Ferrell
13                                             Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed by Superior Court of California, County of Orange, 02/02/2022 03:41:38 PM.
30-2022-01243601-CU-CR-CJC - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk. **CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Scott J. Ferrell  (Bar# 202091)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br> TELEPHONE NO.: (949) 706-6464                    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
 STREET ADDRESS: 700 Civic Center Drive West
 MAILING ADDRESS:
 CITY AND ZIP CODE: Orange, CA  92701
 BRANCH NAME: Central Justice Center

CASE NAME:
    Martin v. The Container Store, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>30-2022-01243601-CU-CR-CJC |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | **Counter**          **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge David A. Hoffer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| Auto (22) | Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | Other collections (09) | Construction defect (10) |
| **Damage/Wrongful Death) Tort** | Insurance coverage (18) | Mass tort (40) |
| Asbestos (04) | Other contract (37) | Securities litigation (28) |
| Product liability (24) | **Real Property** | Environmental/Toxic tort (30) |
| Medical malpractice (45) | Eminent domain/Inverse | Insurance coverage claims arising from the |
| Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | Wrongful eviction (33) | types (41) |
| Business tort/unfair business practice (07) | Other real property (26) | **Enforcement of Judgment** |
| [X] Civil rights (08) | **Unlawful Detainer** | Enforcement of judgment (20) |
| Defamation (13) | Commercial (31) | **Miscellaneous Civil Complaint** |
| Fraud (16) | Residential (32) | RICO (27) |
| Intellectual property (19) | Drugs (38) | Other complaint *(not specified above)* (42) |
| Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Partnership and corporate governance (21) |
| **Employment** | Petition re: arbitration award (11) | Other petition *(not specified above)* (43) |
| Wrongful termination (36) | Writ of mandate (02) | |
| Other employment (15) | Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 2, 2022

Scott J. Ferrell
_____                                   _____
        (TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                              Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Dominick Martin | |
| | **Feb 2, 2022** |
| DEFENDANT: The Container Store, Inc. | |
| | Clerk of the Court<br>By: Katie Trent, Deputy |
| Short Title: MARTIN VS. THE CONTAINER STORE, INC. | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01243601-CU-CR-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>07/05/2022</u> at <u>09:00:00 AM</u> in Department <u>C42</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _Katie Trent_____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** MARTIN VS. THE CONTAINER STORE, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** **30-2022-01243601-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 02/02/2022. Following standard court practice the mailing will occur at Sacramento, California on 02/03/2022.

Clerk of the Court, by: *Katie Trent* _____ , Deputy

PACIFIC TRIAL ATTORNEYS
4100 NEWPORT PLACE DRIVE # 800
NEWPORT BEACH, CA 92660

---

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: <br> NAME: <br> FIRM NAME: <br> STREET ADDRESS: <br> CITY:                          STATE:            ZIP CODE: <br> TELEPHONE NO.:                 FAX NO.: <br> E-MAIL ADDRESS: <br> ATTORNEY FOR (name): | FOR COURT USE ONLY <br><br> For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> JUSTICE CENTER: <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-4593 |  |
|---|---|
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: |  |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
           ☐ Under section 1141.11 of the Code of Civil Procedure
           ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____      _____      _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____      _____      _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION
California Rules of Court, rule 3.221