JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DOMINICK MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> THE CONTAINER STORE, INC., <br><br> Defendants. | Case No.: 8:22-CV-00410-CJC(KESx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 11] AND DISMISSING DEFENDANT'S MOTION TO STAY [Dkt. 10]** |

## I. INTRODUCTION & BACKGROUND

On February 2, 2022, Plaintiff Dominick Martin filed this case against Defendant The Container Store in Orange County Superior Court, alleging one cause of action for violation of California's Unruh Act. (Dkt. 1-1 [Complaint, hereafter "Compl."].)

Plaintiff is blind. (*Id*. ¶ 4.) Defendant maintains a website (the "Website") that allegedly "contains numerous access barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to the Website." (*Id*.) Defendant removed the action to this Court on March 16, 2022, invoking the Court's diversity jurisdiction. (Dkt. 1 [Notice of Removal].) Now before the Court is Plaintiff's motion to remand, (Dkt. 11 [Motion to Remand, hereafter "MTR"]), and Defendant's motion to stay the case, (Dkt. 10 [Motion to Stay, hereafter "MTS"]). For the following reasons, the motion to remand is **GRANTED**. Consequently, the Court lacks jurisdiction to entertain the motion to stay. The motion to stay is therefore **DISMISSED**.[1]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits when more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 16, 2022, at 1:30 p.m. is hereby vacated and off calendar.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, "when a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Moreover, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

## III.  DISCUSSION

As a threshold matter, the Court will not deny Plaintiff's motion to remand for Plaintiff's failure to meet and confer with Defendant prior to filing his motion. *See* C.D. Cal. L.R. 7-3. Plaintiff's attempt to blame Defendant for that failure is not well received. Plaintiff wasted valuable pages of his reply brief in an effort to obscure the clear fact that Plaintiff did not attempt to meet and confer until right before the due date for his present motion, thereby foreclosing the possibility that the "conference [would] take place at least seven (7) days prior to the filing of the motion." *Id*. But Plaintiff's motion deals with a jurisdictional issue. The Court will not deny the motion for failure to adhere to the local rules when such denial would equate to accepting jurisdiction over a case over which—as discussed below—the Court has no jurisdiction.

The parties agree that they are diverse. They diverge, however, on whether Defendant has shown that the amount in controversy exceeds $75,000. The amount in controversy includes all recoverable damages sought by a plaintiff, including compensatory damages, punitive damages, statutory penalties, and attorney's fees when


authorized by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The amount in controversy further includes the pecuniary value of nonmonetary relief sought, such as an injunction. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Again, it is Defendant's burden to establish that the amount in controversy exceeds $75,000 through "summary-judgment-type evidence[.]" *Zavala v. Wells Fargo Bank N.A.*, 2015 WL 3745041, at *1 (C.D. Cal. June 12, 2015); *Republic Bag, Inc. v. Beazley Ins. Co.*, 804 F. App'x 451, 452 (9th Cir. 2020) ("Because [the defendant] removed the action to federal court on the basis of diversity jurisdiction, it must show by a preponderance of the evidence that the value of the underlying action [] exceeds the jurisdictional minimum.").

Here, there are three categories—statutory damages under the Unruh Act, the monetary value of injunctive relief, and attorney's fees—that the Court must take into account when evaluating whether the amount in controversy exceeds $75,000. The Court begins with statutory damages. The Unruh Act provides for statutory damages of $4,000 for each violation of the statute. Cal. Civ. Code § 52(a). Plaintiff cites several cases, (MTR at 4-5), that Defendant expressly agrees stand for the proposition that "when a plaintiff makes repeated visits to a website that continues to have the same access barriers as the initial visit, a multiple statutory damages award is not warranted," (Dkt. 12 [Opposition to MTR, hereafter "Opp. to MTR"] at 11). The Court reads these cases the same way. Defendant, however, continues: "the cases do not address the situation where plaintiff personally encounters new access barriers on a website on subsequent visits." (*Id.*) Defendant then goes on to estimate the number of times Plaintiff has visited the Website, assigning $4,000 in damages for each visit. But Defendant is operating from a faulty premise. While Plaintiff's complaint does suggest multiple visits to the Website, there is nothing in Plaintiff's complaint that would suggest that Plaintiff encountered "new access barriers" each time he visited the Website, rather than the same access barriers each time he visited the Website. Defendant cannot simply assume facts not

reasonably inferable from the complaint. The Court estimates that statutory damages would be capped at $4,000 in this case. *See Robles v. Domino's Pizza LLC*, 2021 WL 2945562, at *10 (C.D. Cal. June 23, 2021) ("Plaintiff alleged a single overarching violation: Defendant maintained a website that screen readers cannot read…. [E]ach of Plaintiff's individual visits to the website encountered the same barrier and therefore the same violation. The Court therefore finds that Plaintiff is due $4000 in Unruh Act penalties.").

Defendant has failed to produce any evidence to show the cost of complying with an injunction in this case. All that Defendant has shown on this issue is that for the past three years, it has been paying a third-party vendor, Usablenet, "to maintain and assess the Website for ADA compliance" in annual amounts that well exceed $75,000. (Dkt. 12-3 [Declaration of Tyler Drinkwine] ¶ 4.) But Defendant has simply proved that it *already* has an ADA-compliance budget that exceeds $75,000 annually. That budget is tied not to this case, but to Defendant's general obligation to comply with the ADA. Defendant does nothing to explain or prove the amount it would have to pay to Usablenet or some other vendor, in excess of what it already pays, in order to comply with an injunction in this case. Defendant next asserts in conclusory fashion that "Defendant would be required to, at minimum, increase its current utilization of internal information technology personnel to ensure the Website continues to be accessible to visually-impaired users at a cost to Defendant that would exceed $75,000." (*Id.* ¶ 5.) The Court simply cannot countenance this bare, unsupported assertion. Defendant has not even explained what it means when it says it would have to "increase its current utilization of internal information technology personnel." Would it have to hire additional employees? At what rate? Or would it have to divert existing employees from other work to focus on ADA compliance? If so, how is such diversion quantified as "exceed[ing] $75,000" as Defendant insists? The Court could go on but suffice to say, Defendant's conclusory assertion is not evidence sufficient to meet Defendant's burden on this issue. Defendant

has given the Court no evidence to work with on the issue of how much it would cost to comply with an injunction in this case, and so the Court disregards the monetary value of the injunction in estimating the amount in controversy.

With only $4,000 in statutory damages proven thus far, Defendant would have to prove that attorney's fees may reasonably exceed $71,000 for the Court to retain jurisdiction over this case. The Court finds that highly unlikely. *See Baracco v. Brooks Bros. Grp., Inc.*, 2019 WL 276840, at *4 (C.D. Cal. Jan. 22, 2019) ("Based on its judicial experience, the Court finds it unlikely that attorneys' fees [in a web-accessibility case] would amount to over $25,001.") Defendant presents evidence that Plaintiff's counsel has a rate between $750 and $850. (Dkt. 12-1 [Declaration of Gregory F. Hurley, hereafter "Hurley Decl."].) But there is a big difference between what Plaintiff's counsel is likely to request and what a court is reasonably likely to award in a simple accessibility case. What a court is reasonably likely to award is based on the reasonable rate charged by similarly experienced attorneys in similar cases in Southern California. Defendant presents no evidence of such rate. The Court draws on its experience awarding attorney's fees in accessibility cases to conclude that Plaintiff's counsel would be limited to a rate of $450 per hour, at the absolute most. *Edmonds v. Labrea Adams LLC*, 2020 WL 6115087, at *1 (C.D. Cal. May 5, 2020) ("Based on this Court's considerable experience with this area of litigation, and considering what other courts in this district have awarded for similar cases with attorneys with similar or greater levels of experience in this field, this Court finds that the reasonable hourly rate is $300 per hour."); *Walker v. Gateway Plaza LLC*, 2021 WL 6103372, at *3 (C.D. Cal. Oct. 13, 2021) ("The Court, therefore, will continue to join several others in the Central District by adopting a blended rate of $300 that is more commensurate with the complexity level of these ADA access cases."); *Fernandez v. Hollywood Highland Inv. LLC*, 2021 WL 3125517, at *3 (C.D. Cal. Apr. 26, 2021) ("The Court concludes that the nature of the work required to litigate this action should reasonably generate hourly rates no greater than $425[.]"); *Villegas v.*

*Neptune Land LLC*, 2021 WL 4839571, at *5 (C.D. Cal. Feb. 9, 2021) ("[T]he Court deems reasonable a rate of $450.").

At a rate of $450 per hour, Defendant would have to show that it is reasonable to assume that this case would take roughly 157.8 hours to litigate, or $71,000 divided by $450 per hour. The only evidence that Defendant produces on this point is the vague estimates of Defendant's counsel as to how long the various stages of this case will take. (*See* Hurley Decl.) Defendant cites not a single similar case, whether on Westlaw or from Defendant's counsel's own experience, wherein a simple Unruh Act case involving a single plaintiff took nearly as many hours to litigate.[2] The Court cannot guess how long this case will take, but it is quite confident that the total hours would be less than 157 hours.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Defendant's motion to stay is **DISMISSED** because the Court has no jurisdiction to entertain that motion. The Court **REMANDS** this action to Orange County Superior Court.

DATED:     May 4, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's reliance on *Engel v. Worthington*, 60 Cal. App. 4th 628 (1997) and *Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 710 (S.D. Cal. 2014) is misplaced. Those cases are clearly distinguishable in that *Engel* took ten years to litigate, 60 Cal. App. 4th at 636, and *Antoninetti* involved multiple consolidated class actions, 49 F. Supp. 3d at 714. This case involves a single plaintiff and there is no reason it should take more than a couple of years to reach a resolution.